IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACKIE McLEOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:09cv672-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Jackie McLeod ("McLeod"), proceeding *pro se*, seeks a writ of error *coram nobis* vacating his 1993 federal conviction for obstruction of justice (retaliating against a witness), in violation of 18 U.S.C. § 1513(a)(1).[1] McLeod completed the incarceration portion of the 87-month sentence he received for that conviction in December 2004,[2] at which time he began a three-year term of supervised release.  However, his supervised release was later revoked after he absconded from supervision, and in October 2008, he was sentenced to 12 months in prison for the supervised-release violation.  This court ordered McLeod's service of his federal revocation sentence to begin upon his release into federal custody after his completion of a state court sentence he is currently serving.  Because McLeod has completed

---

[1]McLeod filed his petition for *coram nobis* relief (*Doc. No. 1*) on July 14, 2009.

[2]In sentencing McLeod to 87 months' imprisonment in 1993, this court ordered that the sentence was to run consecutively to the state prison sentence McLeod was then under.

service of his sentence for the 1993 obstruction-of-justice conviction, he is no longer "in custody" for that conviction.

McLeod contends he is entitled to *coram nobis* relief from his 1993 conviction for obstruction of justice because, he says, his trial counsel rendered ineffective assistance by failing to file a pretrial motion to dismiss the indictment based on the government's failure to comply with the requirements of the Interstate Agreement on Detainers, including the Agreement's anti-shuttling provisions. (*Doc. No. 1 at p. 2.*) He requests that the obstruction-of-justice conviction be vacated and "rendered [a] nullity (void)" and that the 12-month revocation sentence he received in 2008 – based on his supervised-release violation – also be vacated. (*Id. at p. 5.*) For the reasons indicated below, McLeod's petition for a writ of error *coram nobis* should be denied.

## II.   DISCUSSION

The All Writs Act, 28 U.S.C. § 1651(a), gives federal courts authority to issue a writ of error *coram nobis*. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002).

"The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *Mills*, 221 F.3d at 1203. The bar for *coram nobis* is high and relief may issue only where: (1) "there is and was no

other available avenue of relief," and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (internal quotation omitted). Furthermore, a district court may consider *coram nobis* petitions only where the petitioner presents sound reasons for failing to seek relief earlier. *United States v. Morgan*, 346 U.S. 502, 512 (1954).

In *Morgan*, the Supreme Court suggested three prerequisites to the granting of a writ of error *coram nobis*. First, the petitioner must have exercised diligence in bringing his claim. 346 U.S. at 511 ("Such an attitude may reflect the rule that deliberate failure to use a known remedy at the time of trial may be a bar to subsequent reliance on the defaulted right."). Second, the writ is only available when other remedies and forms of relief are unavailable or inadequate. *Id.* at 512 ("[W]e think, no other remedy being then available and sound reasons existing for failure to seek appropriate earlier relief, this motion in the nature of the extraordinary writ of *coram nobis* must be heard by the federal trial court."). Third and finally, the writ is available only to correct errors "of the most fundamental character." *Id.* The proceedings leading to a petitioner's underlying criminal conviction are presumptively correct, and the burden rests on the petitioner to show otherwise. *Id.*

Given these hurdles, the Supreme Court has indicated that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of error *coram nobis*] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996); *see also*

*Casias v. United States*, 421 F.2d 1233, 1234 (10th Cir. 1970) (applying *Morgan* and quoting the Supreme Court: "continuation of litigation after final judgment and exhaustion or waiver of any statutory right to review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice").

McLeod fails to satisfy the applicable standards for *coram nobis* relief. First, McLeod has not shown that there were no other avenues of relief available. Indeed, McLeod could have raised the substantive basis of his claim that the government failed to comply with the Interstate Agreement on Detainers in a pretrial motion in his 1993 trial and on direct appeal,[3] *see Alikhani*, 200 F.3d at 734, and he could have raised his claim of ineffective assistance of counsel in a § 2255 motion,[4] *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008) (holding that an ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255). *See Jackson v. United States*, 375 Fed.Appx. 958, 960 (11th Cir. Apr. 22, 2010) (unpublished). Moreover, McLeod does not present

---

[3] McLeod filed a direct appeal of his obstruction-of-justice conviction in which he raised three issues: (1) whether retaliation against a witness in a federal civil case falls within the ambit of 18 U.S.C. § 1513(a)(1); (2) whether the absence of counsel at a hearing on his motion for a new trial violated his Sixth Amendment right to counsel; and (3) whether the district court abused its discretion in denying his motion to excuse a juror. The Eleventh Circuit affirmed his conviction and sentence. *See United States v. McLeod*, 53 F.3d 322 (11th Cir. 1995).

[4] McLeod filed at least five § 2255 motions attacking his conviction and sentence for obstruction of justice. *See United States v. Jackie McLeod*, Civil Action No. CR. 92-220-S (M.D. Ala. June 30, 1998); *United States v. Jackie McLeod*, Civil Action No. 01-A-301-S (M.D .Ala. Apr. 11, 2001); *United States v. Jackie McLeod*, Civil Action No. 02-A-395-S (M.D.Ala. May 16, 2002); *United States v. Jackie McLeod*, Civil Action No. 02-A-468-S (M.D. Ala. June 26, 2002); *United States v. Jackie McLeod*, Civil Action No. 03-A-113-S (M.D.Ala. Feb. 11, 2003). McLeod's initial § 2255 motion was considered on the merits and was decided adversely to him. His other § 2255 motions were summarily dismissed as successive motions.

reasons for failing to seek relief earlier. *See Morgan*, 346 U.S. at 512. Finally, McLeod has not shown that *coram nobis* relief is necessary in his to case to correct an error "of the most fundamental character." *Id*. An alleged violation of the Interstate Agreement on Detainers does not constitute a fundamental error that renders a proceeding irregular and invalid. *See Reed v. Farley*, 512 U.S. 339, 350-52 (1994). Thus, McLeod has not established that he is entitled to this extraordinary remedy, and his petition for a writ of error *coram nobis* should be denied.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for a writ of error *coram nobis* filed by McLeod be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 6, 2011.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v.*

*Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 23rd day of May, 2011.

                                              /s/Charles S. Coody
                                       CHARLES S. COODY
                                       UNITED STATES MAGISTRATE JUDGE